UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  LAWRENCE N. PETRICCA, SR.

LAWRENCE N. PETRICCA, SR. and
FREDERICK HUTCHINGS,

      Appellants,

v.                                        Case No:   2:14-cv-615-FtM-38

DIANE L. JENSEN,

      Appellee.
                                 /

## ORDER[1]

This matter comes before the Court on the Appellant, Fredrick Hutchings' Appeal of the Bankruptcy Court's Denial of his Motion to Proceed *In Forma Pauperis* on Appeal (Doc. #10) filed on January 26, 2015. *See* In Re: Petricca, 9:08-bk-16204 (Doc. #494).

## FACTS

On September 8, 2014, the Appellant, Fredrick Hutchings filed his Notice of Appeal and Motion to Proceed *In Forma Pauperis* with the Bankruptcy Court. In Re: Petricca, 9:08-bk-16204 (Doc. #472).  The Bankruptcy Judge denied his initial appeal and IFP motion because he failed to submit any documentation to support his Motion.  Hutchings

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

subsequently filed a renewed Notice and request to proceed IFP. In Re: Petricca, 9:08-bk-16204 (Doc. #483).

Jensen in her role as Trustee, filed a response opposing Hutchings Motion to Proceed IFP. In Re: Petricca, 9:08-bk-16204 (Doc. #485). In her response, Jensen noted that she received a sum of $1,000.00 from Hutchings as a down payment toward the assets that are the subject of the appeal and Hutchings bid up to $59,500.00 for property during telephone auction held by Jensen. Hutchings stated at that time he had the assets to pay the $59,500.00, however, Hutchings defaulted on his auction bid and forfeited the $1000.00. Finally, Hutchings has among his assets, Claim Nos. 2-3, worth $149,786.42. Thus, Jensen argued that Hutchings was not indigent and should not be allowed to proceed IFP.

Hutchings responded that the $1000.00 was a loan from another individual and that the financing for the $59,500.00 fell through. Hutchings also argued that $149,786.42 claim against a bankruptcy estate that has no value is worthless.

In light of the issues raised by Jensen in her opposition to Hutchings request to appeal IFP, the Bankruptcy Judge disapproved Hutchings request. In Re: Petricca, 9:08-bk-16204 (Doc. #488). Appellant Hutchings now requests this Court to review the denial of his IFP.

## DISCUSSION

Motions made in bankruptcy court to proceed on appeal *in forma pauperis* pursuant to the provisions of 28 U.S.C. §1915 shall be heard and determined by the presiding bankruptcy judge. A party in interest aggrieved by the entry by the bankruptcy judge of an order determining a motion to proceed on appeal *in forma pauperis* may file

in the bankruptcy court a motion for review by the district judge. Such a motion shall be filed with the clerk of the bankruptcy court within ten (10) days of the entry of the order sought to be reviewed. <u>In Re: Protocol for Processing Bankruptcy Appeals without Payment of Filing Fees</u>, 96-119-Misc.-T (M.D. Fla. 1996).

Hutchings placed a bid of $59,500.00 during an auction held by the Bankruptcy Trustee. In order to be allowed to bid on the property during the Trustee's auction, Hutchings had to represent to the Bankruptcy Trustee that he had the $59,500.00 to cover the bid. He further provided a $1000.00 deposit to the Bankruptcy Trustee at that auction to hold the property. In her response in opposition to the Motion for Leave to appeal IFP, the Trustee additionally noted that Hutchings also had a claim against the bankruptcy worth $149,786.42. While Hutchings argues that the claim has no value and that the $59,500.00 was secured by financing from another source, at that time of the auction he represented to the Trustee and the Court that he had those funds. It is disingenuous for Hutchings to now state that he does not possess such funds and request to proceed IFP in this Court.

Upon review of the Bankruptcy Judge's Order and the information provided by the Trustee in regards to Hutchings' IFP, the Court affirms the Bankruptcy Judge's denial of the Hutchings' IFP appeal. The Bankruptcy Judge supported her determination with information provided by the Trustee and Hutchings own representations to the Trustee that he had sufficient funds to cover a large bid and significant assets in his bankruptcy trust claim to cover the costs of his appeal.

Accordingly, it is now

**ORDERED:**

The Appellant, Fredrick Hutchings' Appeal of the Bankruptcy Court's Denial of his Motion to File His Appeal *In Forma Pauperis* (Doc. #10) is **DENIED**.  The ruling of the Bankruptcy Court is **AFFIRMED.**

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of January, 2015.

*[signature]*

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:   All Parties of Record
U.S. Bankruptcy Judge Caryl E. Delano