UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  LAWRENCE N. PETRICCA, SR.

FREDERICK HUTCHINGS,

    Appellant,

v.    Case No:  2:14-cv-615-FtM-38

DIANE L. JENSEN,

    Appellee.

_____/

## ORDER[1]

This matter comes before the Court on the Appellant, Fredrick Hutchings' Appeal of the Bankruptcy Court's Order (Doc. #22) filed on May 12, 2015.  The Trustee Diane L. Jensen, Esq. filed her Reply to Hutchings Brief (Doc. #25) on May 22, 2015.  The Appellant, Hutchings filed a Reply Brief to the Trustee's Reply (Doc. #26) on May 28, 2015.  The Appeal is now fully briefed and ripe for the Court's review.

## FACTS

On May 6, 2014, the Trustee filed her Report and Notice of Intention to Sell Property of the Estate at a Private Sale.  On May 21, 2014, Hutchings filed an objection to the Trustee's Report and Notice of Intention to Sell Property of the Estate.  On June

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

20, 2014, the Bankruptcy Judge, Caryl E. Delano, issued an Order overruling Hutchings' objections to the Trustee's sale. After Judge Delano issued her June 20, 2014 Order, the Trustee conducted an auction in which Hutchings was the highest bidder. Hutchings subsequently defaulted on his bid.

As a consequence of Hutchings default, the Trustee filed an Emergency Motion to Determine Auction Procedures. Judge Delano issued an Order on July 25, 2014, granting the Emergency Motion. ([Doc. #23-5](), p. 3). In her Order, Judge Delano stated that given the history of the current litigation and Hutchings' default on his bid, the "Trustee's request for a new auction is reasonable, and it would be in the best interest of the bankruptcy estate to grant the Motion." In Re Petricca, 9:08-bk-16204 (Doc. #444). Thereafter, based upon the July 25, 2014 Order, the Trustee held another auction requiring all bidders to submit their bids to the Trustee's office by 5:00pm on August 15, 2014. On August 18, 2014, the Trustee filed her Report of Sale noting that three (3) bidders bid during the August 15, 2014 Auction with the highest bid belonging to Legal Resolve, LLC.

On August 26, 2014, Hutchings filed an Objection to Trustee Jensen's Report of Sale and a Motion to Remove R.A. Realty Trust from Trustee Jensen's List of Alleged Assets for Sale. On September 6, 2014, Judge Delano issued an Order overruling Hutchings' objections and denying the Motion to remove R.A. Realty Trust from the Trustee's List of Assets for Sale. In Re Petricca, 9:08-bk-16204 (Doc. #469). In addition to denying Hutchings's Motion, Judge Delano also denied the Debtor Lawrence Petricca's objections and motion to bar Attorney Israel Sanchez, the objections of John Wilson, Ara Eresian, Jr., and Rose Castro as well as a request for sanctions.

## **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 158(a). The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. In re Fish, 2013 WL 1104884, *2 (M.D. Fla. March 18, 2013) (citing In re Colortex Indus., Inc., 19 F.3d 1371, 1374 (11th Cir.1994)). This Court reviews de novo the legal conclusions of the bankruptcy court. In re Fish, 2013 WL 1104884 at *2 (citing In re JLJ, Inc., 988 F.2d 1112, 1116 (11th Cir.1993)).

The standard of review employed by this Court in reviewing the bankruptcy court's findings of fact is the clearly erroneous standard of review described in Federal Rule of Bankruptcy Procedure 8013: "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." In re Fish, 2013 WL 1104884 at *2 (citing In re Thomas, 883 F.2d 991, 994 (11th Cir.1989)). A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." Crawford v. W. Elec. Co., Inc., 745 F.2d 1373, 1378 (11th Cir.1984) (citing United States v. United States Gypsum Co., 333 U.S. 364, 68 S. Ct. 525, 92 L. Ed. 746 (1948)).

## **DISCUSSION**

Hutchings now appeals Judge Delano's Order denying his objections and his Motion to remove R.A. Realty Trust from the list of Alleged Assets in the August 15, 2014 Auction. In Re Petricca, 9:08-bk-16204 (Doc. #462). In his Appeal, Hutchings argues Judge Delano erred: (1) by accepting the Trustee's Report and Sale of the Debtor's

alleged assets; (2) by denying his Motion to Remove R.A. Realty Trust from the list of Alleged Assets; (3) by denying the Motion to Disqualify Legal Resolves bid because Israel Sanchez represented the LLC; (4) by failing to Strike the objections of Ara Eresian, Jr. John Wilson, and Rose Castro as well as the Court's failure to sanction Eresian; (5) by failing to find the sale was tainted; and (6) by showing favoritism to the Trustee Diane Jensen.

### (1) *Whether the Bankruptcy Court Erred by Accepting Trustee's Report and Sale of the Debtor's Alleged Assets*

Hutchings argues the Trustee took her List of Alleged Assets from Ara Eresian, Jr. Hutchings argues the list should be excluded because Bankruptcy Judge Alexander L. Paskay issued an order striking documents filed by Eresian. Bankruptcy Judge Jeffrey Hopkins issued an order sanctioning Eresian and prohibited him from filing any more motions in this case without the Court's approval. Further, Judge Paskay barred Wilson from filing any further pleadings and thus, his objection to the Court's Order should have been stricken. The Trustee responds that the Court's Order of June 20, 2014, specifically stated that the Trustee was authorized to sell all assets listed in the Report and Notice of Intention to Sell Property of the Estate at Private Sale.

On June 19, 2014, Judge Delano held a hearing on Hutchings' Objections. After the hearing on June 20, 2014, Judge Delano issued an Order overruling Hutchings' Objections and approved all of the properties listed by the Trustee for sale. The specific property at issue in this appeal, R. A. Realty Trust, was included in the sale because it was part of the bankruptcy estate. The Trustee merely sold the bankruptcy estate's interest in the property.

4

Hutchings had sufficient opportunity to be heard on this issue and was present by telephone during the hearing on the matter.  In this Appeal, Hutchings presents no case law or bankruptcy rule that would persuade the Court to overrule Judge Delano's decision. On July 25, 2014, Judge Delano issued a new Order governing the sale, and the Trustee's Auction took place on August 15, 2014.  On August 18, 2014, the Trustee filed her Trustee's Report of Sale.  Hutchings objected to the Trustee's Report of Sale but did not at that time or prior to the sale of the Property move the Court to stay.  On September 6, 2014, Judge Delano issued an Order overruling Hutchings' objections and approving the sale of the Property from the August 15, 2014 Auction. In Re Petricca, 9:08-bk-16204, (Doc. #469).  Hutchings filed his Amended Notice of Appeal, appealing Judge Delano's Order and the sale of R.A. Realty Trust to this Court on September 11, 2014. Id. at (Doc. # )

Once a sale is approved by the bankruptcy court and consummated by the parties, the bankruptcy court ruling cannot be modified on appeal. In re Shoemaker, 2011 WL 1750239, *2 (N.D. Fla. May 3, 2011).  Pursuant to United States Code Title 11, § 363(m):

> The reversal or modification on appeal of an authorization ... of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

Thus, a trustee has authority to sell property of the bankruptcy estate, and thereafter the approved sale may not be invalidated unless it is stayed pending appeal. See In re MacNeal, 308 Fed. Appx. 311, 316 (11th Cir.2009).  Although Hutchings requested a stay in his Amended Notice of Appeal on September 11, 2014, that was after the sale was completed on August 15, 2014, the Trustee's Report of Sale was filed on August 18, 2014,

and Judge Delano had issued her Order of September 6, 2014.  Hutchings failure to obtain a stay prior to the sale being completed renders his appeal to this Court moot.  *See* In re The Charter Co., 829 F.2d 1054, 1056 (11th Cir.1987); In Re Coastline East Corp., 2011 WL 3475535 *2 (M.D. Fla. August 9, 2011) (citing In Re Bleaufontaine, 634 F. 2d 1383, 1389-90 (5th Cir. Unit B 1981) (holding that failure to file a motion to stay the Sale Order or the underlying sale it authorized is fatal to the appeal).

Further, Judge Delano specifically stated "however, the Bill of Sale shall specifically provide that the sale is without representations or warranties as to the nature, validity and extent of the Debtor's interest in the Properties, and the Trustee is selling only her interest in the Properties, to the extent of the Debtor's interest, if any …." In Re Petricca, 9:08-bk-16204, (Doc. #436).  The Purchaser has not objected to the sale nor has anyone outside of Hutchings and Petricca claimed the Property did not belong in the bankruptcy estate.   As such, the appeal is denied and the decision of the Bankruptcy Court is affirmed.

Hutchings also quotes from the Court's June 20, 2014 Order stating "in the event any party wishes to make a higher bid to purchase the properties they shall provide a $1,000.00 deposit and make a minimum $5,500.00 offer for the purchase of the properties…."  Hutchings argues that the Order was violated because Legal Resolve, LLC did not make a $1,000.00 deposit prior to bidding in the August 15, 2014 Auction.

Hutchings was the highest bidder during auction on June 27, 2014, however, he defaulted on his bid.  After Hutchings defaulted, the Trustee filed an Emergency Motion to Determine Auction Procedures.  Judge Delano issued a new Order on July 25, 2014, granting the Emergency Motion.   Contrary to Hutchings position, the $1,000.00 deposit

was a requirement imposed by the June 20 2014 Order. (Doc. #23-2, Ex. A-49). The August 15, 2014 Auction was performed under the terms of the July 25, 2014 Order which did not require the $1,000.00 deposit. In Re Petricca, 9:08-bk-16204, (Doc. #444).

Since Hutchings' objection is predicated upon the terms of the June 20, 2014 Order the objection is overruled.

### (2) *Whether the Court Erred by not Removing R.A. Realty Trust from the List of Alleged Assets*

Hutchings argues that R.A. Realty Trust should not have been included in the list of properties the Trustee auctioned. Hutchings claims he established that Petricca no longer owned or benefited from R.A. Realty Trust. The Trustee states that she only sold her interest in the asset at auction. The Court Orders of June 20, 2014, and July 25, 2014, made it clear that there were "no representations or warranties as to the assets being sold." Because of that language, the Trustee argues that there was no good cause to sustain an objection to the sale. Trustee further states this is especially true in light of the fact that the Purchaser is not objecting to the assets that were purchased.

As noted above, once a sale is approved by the bankruptcy court, and consummated by the parties, the bankruptcy court ruling cannot be modified on appeal. In re Shoemaker, 2011 WL 1750239, at *2. While Hutchings did move for a stay, he waited until the sale was completed and therefore, his motion for a stay was untimely. Hutchings' objection is overruled.

### (3) *Whether the Bankruptcy Judge Erred by Failing to Disqualify Israel Sanchez from Representing Legal Resolve, LLC*

Hutchings argues that the Purchaser, Legal Resolve's bid should have been disqualified because Legal Resolve was represented by Attorney Israel M. Sanchez.

Judge Paskay issued an Order disqualifying Atty. Sanchez from representing any party in the Debtor's bankruptcy. Indeed, Judge Paskey stopped Attorney Sanchez from filing motions or representing any party in this case, but nothing would prevent him from purchasing assets from the bankruptcy estate. In fact, Judge Delano, the presiding Bankruptcy Judge at this present time, issued an order specifically stating that Attorney Sanchez was not prevented from buying property from the bankruptcy estate. <u>In Re Petricca</u>, 9:08-bk-16204, (Doc. #469, pp. 1-2).

Hutchings again raises the fact that Legal Resolve did not deposit $1,000.00 with the Trustee prior to making its bid. The $1,000.00 deposit was a requirement in the June 20, 2014 Order. Judge Delano issued a new Order on July 25, 2014, granting the Emergency Motion for New Procedures for the Sale. The August 15, 2014 Auction was performed under the terms of the July 25, 2014 Order which did not require the $1,000.00 deposit. The objection is overruled.

### (4) *Whether the Bankruptcy Court Erred by not Striking the Objections of Ara Eresian, Jr. John Wilson, and Rose Castro as well as the Court's failure to Sanction Ara Eresian*

Hutchings argues that Judge Delano erred when she did not strike objections filed by Ara Eresian, Rose Castro, and John Wilson. He further alleges that Eresian drafted all three objections and therefore, they should be stricken and Eresian sanctioned. The Trustee responds that Judge Delano had no need to strike the objections because she withdrew the objected to Report and filed an Amended Report, so the matter is moot. The Trustee further states no evidence was presented that established that Eresian drafted the objections filed by Castro and Wilson.

Hutchings' objection is not well taken. As Judge Delano stated in her September 6, 2014 Order, there was no need to strike the objections to a report that had been withdrawn. In Re Petricca, 9:08-bk-16204, (Doc. #468). Further, while Judge Paskay and Judge Hopkins may have sanctioned Eresian, Judge Delano is the presiding judge over the bankruptcy case now, and it is at her discretion whether or not anyone should be sanctioned in this case. As such, Hutchings' objection is overruled.

### (5) *Whether the Sale was Tainted*

Hutchings argues the sale was tainted and committed in violation of at least five (5) court orders because Legal Resolve, LLC, the Purchaser, was represented by Attorney Israel Sanchez who had been disqualified from representing any parties in this case. Hutchings continued that Legal Resolve did not make the $1,000.00 deposit which was required by Judge Delano's Order before making its bid, and the auction was held in bad faith.

Regarding the $1,000.00 deposit—as noted above—the Order directing that $1,000.00 be deposited prior to a bid being submitted was part of the June 20, 2014, Order of Sale. After that sale was completed, Hutchings defaulted on his winning bid of $59,500.00. After Hutchings defaulted, the Trustee filed an Emergency Motion to Determine Auction Procedures. Judge Delano issued a new Order on July 25, 2014, granting the Emergency Motion. Contrary to Hutchings position, the $1,000.00 deposit was not a requirement imposed by the July 25, 2014 Order. The August 15, 2014 Auction was conducted pursuant to the July 25, 2014 Order which did not require a deposit. (Doc. #23-2, Ex. A-49). Therefore, Legal Resolve was not required to submit a $1,000.00 deposit.

Hutchings argues the Trustee sold the Property without consideration for value which is bad faith. However, in her Emergency Motion to Determine Auction Procedures, the Trustee informed the Court that after Hutchings defaulted on his bid she went to the next highest bidder, Venetis. Venetis bid $6,500.00 and offered to send the funds that day. Later that same day, another bidder, Gibson, offered $20,000.00 for the property. The Trustee then communicated to all three (3) bidders who were in attendance at the auction that she had a fiduciary duty to get the highest value for the Property. She then moved the Bankruptcy Court for an Emergency Motion to Determine Auction Procedures.

The Court granted the Motion for new procedures stating that it was a reasonable request. The Trustee then held the August 15, 2014 Auction in order to obtain a better price than the one she would have received by accepting lower bids after Hutchings defaulted. The Trustee acted in good faith and in compliance with her fiduciary duty by holding a new auction and seeking a better price to get the most money possible for the bankruptcy estate.

Hutchings also claims the sale was tainted because Atty. Israel Sanchez represented Legal Resolve. While Judge Paskay stopped Attorney Sanchez from filing motions or representing any party in this case, nothing would prevent Atty. Sanchez from purchasing assets from the bankruptcy estate. In fact, Judge Delano, the presiding Bankruptcy Judge at the present time, issued an order specifically stating that Atty. Sanchez was not prevented from buying property from the bankruptcy estate. In Re Petricca, 9:08-bk-16204, (Doc. #469, pp. 1-2).

While Petrica states that he believes fraud occurred, neither Sanchez nor Venitis were prevented from bidding on or purchasing the property in this case. And no bids

were submitted by Eresian. In his brief, Hutchings offers no proof other than an unsupported conclusory allegation that Legal Resolve was not a good faith purchaser. Bankruptcy Appeals are subject to the requirements of Fed. R. Civ. P. 9(b). *See* In Re Taylor Bean & Whitaker Mortgage Corporation, 2012 WL 2369342 *2 (Bankr. M.D. Fla. March 22, 2012) (stating that Rule 9(b) was made applicable by Fed. R. Bankr. R. 7009). Rule 9(b) requires a party alleging fraud to state with particularity the circumstances constituting fraud. Here, Hutchings merely alleges that Legal Resolve is a straw man for Eresian who has been barred from this case. However, Hutchings has not presented any evidence to support his allegation. Without more, Hutchings' allegation of fraud is nothing more than a conclusory statement unsupported by facts. Consequently, the Court finds no fraud was committed by the Trustee when she sold the Property. Hutchings' objection is overruled.

### *(6) Whether Judge Delano Favored the Trustee in Her Rulings*

Hutchings claims that Judge Delano failed to uphold five (5) orders previously issued by the Bankruptcy Court in favor of the Trustee. Hutchings does not state which five (5) orders were not followed nor does he state how Judge Delano failed to follow said orders by ruling in favor of the Trustee. One would assume he was referring to the Orders of Judge Paskay and Hopkins preventing Atty. Sanchez from representing a party in the case and the orders preventing Ara Eresian from filing motions or pleadings in this case. Based upon the record before the Court, Atty. Sanchez did not represent a party in this sale, instead he represented Legal Resolve, LLC the Purchaser of the Property. Nothing in the prior Orders of this case prevented Atty. Sanchez from buying the Property. Moreover, Eresian did not file any documents in this regard.

Hutchings further argues that Judge Delano's mind was made up before the hearing which shows bias in favor of the Trustee's position. The Trustee responds there is nothing improper about a judge reading the parties' briefs and formulating an opinion prior to the commencement of a hearing based upon those briefs.

The Court cannot determine what was on Judge Delano's mind prior, during, or after the hearing. Hutchings was given the opportunity to brief and argue his point of view and his motion and/or objection was denied. The mere fact that Judge Delano made an adverse ruling against Hutchings does not indicate bias in favor of the Trustee. Adverse rulings by a court are judicial in nature. Santana v. RCSH Operations, LLC, 2012 WL 414357, *2 (S.D. Fla. February 8, 2012). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. (quoting Liteky v. U.S., 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L.Ed.2d 474 (1994)). Thus, the objection that Judge Delano's rulings were tainted is overruled.

Accordingly, it is now

**ORDERED:**

The Decision of the Bankruptcy Judge Caryle Delano is **AFFIRMED**. The Clerk of the Court shall enter judgment accordingly, transmit a copy of this Order and the Judgment to the Clerk of the Bankruptcy Court, terminate the appeal, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of July, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record
Honorable Caryle Delano